ALSD Local 106 (Rev. 07/13) Application for a Search Warrant

# UNITED STATES DISTRICT COURT

for the

Southern District of Alabama

In the Matter of the Search and Seizure of

*(Briefly describe the property to be searched or identify the person by name and address)*

INFORMATION ASSOCIATED WITH

▬▬▬▬▬▬▬ STORED ON A PREMISES CONTROLLED BY MICROSOFT CORPORATION

Case No. 23-285-N

USAO No. 23R00351

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A, incorporated herein from Affidavit

located in the _____ Western _____ District of _____ Washington _____ , there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B, incorporated herein from Affidavit

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☐ contraband, fruits of crime, or other items illegally possessed;

☐ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| Title 18, USC § 1343 | Wire Fraud |

The application is based on these facts:

See attached Affidavit.

☑ Continued on the attached sheet.

☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

SA Justin Lowrance, FBI
*Printed name and title*

Sworn to before me and attestation acknowledged pursuant to FRCP 4.1(b)(2).

Date: November 3, 2023

3:35pm

City and state: Mobile, Alabama

*Judge's signature*

Hon. Sonja F. Bivins, United States Magistrate Judge
*Printed name and title*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

IN THE MATTER OF THE SEARCH AND
SEIZURE OF INFORMATION ASSOCIATED
WITH ▓▓▓▓▓▓▓▓▓▓▓▓▓ STORED
ON A PREMISIS CONTROLLED BY
MICROSOFT CORPORATION

Case No. 23-MJ-285-N

## AFFIDAVIT IN SUPPORT OF
## APPLICATION FOR SEARCH WARRANT

I, Justin Lowrance, Special Agent with the Federal Bureau of Investigation ("FBI"), being duly sworn, states as follows:

### INTRODUCTION

1.    I am a Special Agent with the FBI and have been so employed since March 2011. I am currently assigned to the White-Collar Unit within the Mobile Field Office. I have been in this position since April 2021. Prior to that, I was an FBI Special Agent in Oklahoma, an FBI Supervisory Special Agent in South Dakota, and before joining the FBI, a police officer in Indiana. My current duties include investigating violations of federal law, including financial crimes. I have received training on obtaining and reviewing electronic records, including records from e-mail service providers, and I routinely do so as part of my investigations. As an FBI Special Agent, I am authorized to investigate violations of federal law, and I am authorized to execute search warrants issued by federal courts.

1

2.      As will be further discussed below, there is probable cause to believe that an unknown subject identified herein as **UNSUB** used the email account ▮▮▮▮▮▮▮▮▮▮ dentified herein as **SUBJECT EMAIL** to commit wire fraud, in violation of 18 U.S.C. § 1343.

3.      I make this affidavit in support of search warrant applications for each of the following e-mail account:

      a.   ▮▮▮▮▮▮▮▮▮▮▮▮▮▮

4.      This affidavit is made in support of applications for search warrants under 18 U.S.C. §§ 2703(a), 2703(b)(1)(A), and 2703(c)(1)(A), which requires Microsoft Corporation ("Microsoft") to disclose to the government certain records and information in its possession as set out in Attachment B.

5.      In the paragraphs below, I have set forth facts I believe are essential to establishing the necessary probable cause for this Court to issue the requested search warrant. The facts and information contained in this affidavit are based upon my personal observations and investigation, my training and experience, and information obtained from other law enforcement officers and witnesses. This affidavit is only intended to establish that there is sufficient probable cause for the requested search warrants, and therefore, does not include all information known to me or the investigative team about this matter.

# PROPERTY TO BE SEARCHED AND ITEMS TO BE SEIZED

6.    I make this affidavit in support of an application for a warrant to search and seize certain items from the following location:

a.    The e-mail account ███████████████ which is stored at a premises controlled by Microsoft Corporation ("Microsoft"), an e-mail service provider headquartered at 1 Microsoft Way, Redmond, Washington, 98052.

7.    For the reasons explained below, there is probable cause to believe that **UNSUB** committed wire fraud, in violation of 18 U.S.C § 1343. There is also probable cause to believe that the fruits, instrumentalities, and evidence of this offense will be found in this e-mail accounts.

8.    Accordingly, I request this Court issue search warrants for the e-mail accounts listed in Attachment A for the information described in Attachment B.

## FACTS SUPPORTING SEARCH WARRANT



4



6

18. In my training and experience, I have learned that Microsoft provides a variety of on-line services, including electronic mail ("email") access, to the public. Microsoft manages the email accounts at domain names, like the email account listed in Attachment A. Subscribers obtain an account by registering with Microsoft. During the registration process, Microsoft asks subscribers to provide basic personal information. Therefore, the computers of Microsoft are likely to contain stored electronic communications (including retrieved and unretrieved email for Microsoft subscribers) and information concerning subscribers and their use of Microsoft services, such as account access information, email transaction information, and account application information. In my training and experience, such information may constitute evidence of the crimes under investigation because the information can be used to identify the account's user or users.

19. A Microsoft subscriber can also store with the provider files in addition to emails, such as address books, contact or buddy lists, calendar data, pictures (other than ones attached to emails), and other files, on servers maintained and/or owned by Microsoft. In my training and experience, evidence of who was using an email account may be found in address books, contact or buddy lists, email in the account, and attachments to emails, including pictures and files.

20. In my training and experience, email providers generally ask their subscribers to provide certain personal identifying information when registering for an email account. Such information can include the subscriber's full name, physical

7

address, telephone numbers and other identifiers, alternative email addresses, and, for paying subscribers, means and source of payment (including any credit or bank account number). In my training and experience, such information may constitute evidence of the crimes under investigation because the information can be used to identify the account's user or users. Based on my training and my experience, I know that, even if subscribers insert false information to conceal their identity, this information often provides clues to their identity, location, or illicit activities.

21. In my training and experience, email providers typically retain certain transactional information about the creation and use of each account on their systems. This information can include the date on which the account was created, the length of service, records of log-in (i.e., session) times and durations, the types of service utilized, the status of the account (including whether the account is inactive or closed), the methods used to connect to the account (such as logging into the account via the provider's website), and other log files that reflect usage of the account. In addition, email providers often have records of the Internet Protocol address ("IP address") used to register the account and the IP addresses associated with particular logins to the account. Because every device that connects to the Internet must use an IP address, IP address information can help to identify which computers or other devices were used to access the email account.

22. In my training and experience, in some cases, email account users will communicate directly with an email service provider about issues relating to the

8

account, such as technical problems, billing inquiries, or complaints from other users. Email providers typically retain records about such communications, including records of contacts between the user and the provider's support services, as well as records of any actions taken by the provider or user as a result of the communications. In my training and experience, such information may constitute evidence of the crimes under investigation because the information can be used to identify the account's user or users.

23. As explained herein, information stored in connection with an email account may provide crucial evidence of the "who, what, why, when, where, and how" of the criminal conduct under investigation, thus enabling the United States to establish and prove each element or alternatively, to exclude the innocent from further suspicion. In my training and experience, the information stored in connection with an email account can indicate who has used or controlled the account. This "user attribution" evidence is analogous to the search for "indicia of occupancy" while executing a search warrant at a residence. For example, email communications, contacts lists, and images sent (and the data associated with the foregoing, such as date and time) may indicate who used or controlled the account at a relevant time. Further, information maintained by the email provider can show how and when the account was accessed or used. For example, as described below, email providers typically log the Internet Protocol (IP) addresses from which users access the email account, along with the time and date of that access. By determining the physical location associated with the logged IP

9

addresses, investigators can understand the chronological and geographic context of the email account access and use relating to the crime under investigation. This geographic and timeline information may tend to either inculpate or exculpate the account owner. Additionally, information stored at the user's account may further indicate the geographic location of the account user at a particular time (e.g., location information integrated into an image or video sent via email). Last, stored electronic data may provide relevant insight into the email account owner's state of mind as it relates to the offense under investigation. For example, information in the email account may indicate the owner's motive and intent to commit a crime (e.g., communications relating to the crime), or consciousness of guilt (e.g., deleting communications in an effort to conceal them from law enforcement).

## CONCLUSION

24. Based on the foregoing, I request that the Court issue the proposed search warrant to Microsoft for the e-mail account

25. Pursuant to 18 U.S.C. § 2703(g), the presence of a law enforcement officer is not required for the service or execution of this warrant. The government will execute this warrant by serving it on Microsoft. Because the warrant will be Microsoft, who will then compile the requested records at a time convenient to it, reasonable cause exists to permit the execution of the requested warrant at any time in the day or night.

26. This Court has jurisdiction to issue the requested warrant because it is "a court of competent jurisdiction" as defined by 18 U.S.C. § 2711. 18 U.S.C. §§ 2703(a),

10

(b)(1)(A) & (c)(1)(A). Specifically, the Court is "a district court of the United States . . .

that – has jurisdiction over the offense being investigated." 18 U.S.C. § 2711(3)(A)(i).

Respectfully submitted,

Justin Lowrance
Special Agent
Federal Bureau of Investigation

THE ABOVE AGENT HAS ATTESTED
TO THIS AFFIDAVIT PURSUANT TO
FED. R. CRIM. P. 4.1(b)(2)(A) THIS DAY
OF NOVEMBER 3, 2023

SONJA F. BIVINS
UNITED STATES MAGISTRATE JUDGE

11

## ATTACHMENT A – MICROSOFT

### Property to Be Searched

This     warrant     applies     to     information     associated     with

█████████████████████████ the "account") that is stored at premises owned,

maintained, controlled or operated by Microsoft Corporation, 1 Microsoft Way,

Redmond, WA 98052.

## ATTACHMENT B – MICROSOFT

### Particular Things to be Seized

## I. Information to be disclosed by Microsoft

To the extent that the information described in Attachment A is within the possession, custody, or control of Microsoft, regardless of whether such information is located within or outside of the United States, and including any emails, records, files, logs, or information that has been deleted but is still available to Microsoft, or has been preserved pursuant to a request made under 18 U.S.C. § 2703(f), Microsoft is required to disclose to the government for each account or identifier listed in Attachment A the following information from ▓▓▓▓▓▓▓ to ▓▓▓▓▓ unless otherwise indicated:

a.  All business records and subscriber information, in any form kept, pertaining to the Account, including:

1.  Names (including subscriber names, user names, and screen names);

2.  Addresses (including mailing addresses, residential addresses, business addresses, and email addresses, including alternate and recovery email addresses);

3.  Telephone numbers, including SMS recovery and alternate sign-in numbers;

4.  Records of session times and durations, and the temporarily assigned network addresses (such as Internet Protocol ("IP")

2

addresses) associated with those sessions, including log-in IP addresses;

5. Telephone or instrument numbers or other subscriber numbers or identities, including any temporarily assigned network address, SMS recovery numbers, and alternate sign-in numbers

6. Length of service (including start date and creation IP) and types of service utilized;

7. Means and source of payment (including any credit card or bank account number); and

8. Change history.

b. All device information associated with the Account, including but not limited to, manufacture names, model numbers, serial number, media access control (MAC) addresses, international mobile equipment identifier (IMEI) numbers, FCC ID numbers, Android IDs, and telephone numbers;

c. Records of user activity for each connection made to or from the Account(s), including, for all Outlook services, the date, time, length, and method of connection, data transfer volume, user names, source and destination IP address, name of accessed Outlook service, and all activity logs;

3

d.   All records or other information stored by an individual using the account, including address books, contact and buddy lists, calendar data, pictures, videos, text messages, documents, and files;

e.   All records pertaining to communications between the Provider and any person regarding the account, including contacts with support services and records of actions taken;

f.   The contents of all emails associated with the account from ███████ ████ to present, including stored or preserved copies of emails sent to and from the account, draft emails, the source and destination addresses associated with each email, the date and time at which each email was sent, and the size and length of each email;

g.   The types of service utilized;

h.   All Location History and Web & App Activity indicating the location at which the account was active, including the source of the data, date and time, latitude and longitude, estimated accuracy, device and platform, inferences drawn from sensor data (such as whether a user was at rest, walking, biking, or in a car), and associated logs and user settings, including Timeline access logs and change and deletion history; and

The terms "information and records" includes any and all data in whatever format they are stored or retained, including "communications" defined below.

4

"Communications" include any and all electronic and cellular messages and signals capable of conferring information in whatever format they are stored or retained. The term "device" includes any and all cellular telephones, smartphones, tablets, computers, and other electronic data storage and communication devices.

## II. Information to be Seized by the Government

All information described above in Section I that constitutes fruits, evidence and instrumentalities of violations of 18 U.S.C. § 1343 (the **"Target offenses"**) and involve UNSUB, ▮▮▮▮▮▮▮▮▮ or any entity(ies) associated with those individuals during the period ▮▮▮▮▮▮▮▮▮▮▮▮▮▮ t, including but not limited to, for each account or identifier listed on Attachment A, pertaining to the following matters:

a. Any and all information and records related business and financial affairs, to include information and records related to loans, bank accounts, real estate, investments, other property, income, payroll, expenses, and taxes involving **UNSUB**, or any entity(ies) associated with **UNSUB**;

b. Any and all information and records for purchases and expenditures made by **UNSUB**, or any entity(ies) associated with those individuals/entities;

c. Any and all information and records for operations of the entity(ies) associated with **UNSUB**;

d. How and when the Account or any associated device, or any other account or other device in contact with the Account and associated device, was

used to determine the chronological context of the device use, account access, and events relating to the **Target Offenses**;

e. The geographic location of any device/account at times relevant to the investigation;

f. The state of mind of the device or Account holder, or any other person, as it relates to the **Target Offenses**;

g. Identity of the person(s) who created the Account and/or used an associated device, including that help reveal the whereabouts of such person(s).

h. Identity of the person(s) who sent to or received communications from the Account or associated device about matters relating to the **Target Offenses**, including that help reveal their whereabouts;

i. The identity of any and all targets, co-conspirators, victims, witnesses, authorizing parties, or beneficiaries of the **Target Offenses**, including their roles in the **Target Offenses** and relationships to the crimes and one another;

j. Additional financial and electronic accounts and devices used by targets, co-conspirators, victims, witnesses, authorizing parties, or beneficiaries of the **Target Offenses**;

k. Additional contact information used by targets, co-conspirators, victims, witnesses, authorizing parties, or beneficiaries of the **Target Offenses**;

6

l. Any internet or other search history by targets, co-conspirators, victims, witnesses, authorizing parties, or beneficiaries of the **Target Offenses**; and

m. Any additional evidence of the **Target Offenses**.

The terms "information and records" includes any and all data in whatever format they are stored or retained, including "communications" defined below. "Communications" include any and all electronic and cellular messages and signals capable of conferring information in whatever format they are stored or retained. The term "device" includes any and all cellular telephones, smartphones, tablets, computers, and other electronic data storage and communication devices.

This warrant authorizes a review of electronically stored information, communications, other records and information disclosed pursuant to this warrant in order to locate evidence, fruits, and instrumentalities described in this warrant. The review of this electronic data may be conducted by any government personnel assisting in the investigation, who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, and technical experts. Pursuant to this warrant, the FBI may deliver a complete copy of the disclosed electronic data to the custody and control of attorneys for the government and their support staff for their independent review.